**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:20cr23-MHT |
| | ) | (WO) |
| TIMOTHY JEROME RUSSELL | ) | |

**OPINION AND ORDER**

This case is before the court on defendant Timothy Jerome Russell's motion to continue his trial. An on-the-record teleconference was held today. For the reasons set forth below, the court finds that Russell's trial, now set for August 10, 2020, should be continued pursuant to 18 U.S.C. § 3161(h).

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy

> days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Russell in a speedy trial. Russell requested the continuance, is not in custody, and has confirmed that he will not be prejudiced by a delay. Moreover, Russell is awaiting the return of

subpoenas and is actively seeking to locate a potential witness in his defense.  Further, at an on-the-record teleconference held today, defense counsel informed the court that a different attorney will be representing Russell at trial, making additional time extremely valuable.  The court thus concludes that a continuance is necessary to allow defense counsel reasonable time to prepare effectively for trial or to consider a plea agreement.  In addition, there is no objection from the government regarding Russell's request.  And, finally, the continued presence of COVID-19 in Alabama, where virus cases remain on the rise, warrants a continuance.

As to the length of the continuance, during today's on-the-record teleconference, both defense counsel and counsel for the government expressed a preference for a continuance until the court's December trial term.  The court finds that such a continuance would facilitate a fair trial and would not prejudice the parties or the public.

The jury selection and trial of this case will therefore be continued.

***

Accordingly, it is ORDERED as follows:

(1) The motion to continue the trial (doc. no. 48) is granted.

(2) The jury selection and trial for defendant Timothy Jerome Russell, now set for August 10, 2020, are continued until December 7, 2020, at 10:00 a.m., in the Frank M. Johnson Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama.

(3) The United States Magistrate Judge shall conduct another pretrial conference prior to the December 7 trial term.

DONE, this the 24th day of July, 2020.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE